## THE TOWN OF SPENCER v. CLINE.

JUSTICES OF THE PEACE.—Justices of the peace are township officers, and must be elected by the qualified voters of the township.

SAME.—TOWNS.—The county board are given a discretion as to the number of justices of the peace to be elected in each township, not exceeding three for each township, and one for each incorporated town therein.

SAME.—The additional justice provided for any town may, by the order of the board, be required to reside in the town, but he must be elected by the voters of the township, and his jurisdiction extends throughout the township.

SAME.—A prosecution for the violation of a town ordinance may be instituted before any justice of the township residing within the corporate limits.

APPEAL from the *Owen* Common Pleas.

ELLIOTT, C. J.—The appellee was prosecuted before a justice of the peace, and a fine assessed against him, for selling spirituous liquors in the town of *Spencer* to a minor, in violation of a corporate ordinance of said town.

On an appeal to the Court of Common Pleas, that court dismissed the case for want of jurisdiction in the justice of the peace. The correctness of that ruling is denied. This is the only question in the case. The facts, as they appear upon the record, by an agreement of the parties, are these: There were, at the date of these proceedings, two duly commissioned justices of the peace residing within the corporate limits of the town, the justice before whom the case was prosecuted being one of them. They were both elected for the township at large in which said town is situated, and not especially for the town. The board of commissioners of the county had never made an order for an additional justice for said town, nor was any one elected specially therefor.

The act for the incorporation of towns, &c., provides that, "Any person violating the provisions of any ordinance of a town organized under this act, to which there may be a penalty affixed, may be prosecuted before a

justice of the peace of such town, upon a warrant issued by such justice, as in cases of misdemeanor," &c. 1 G. & H., § 57, p. 631. The act contains no provision whatever for the election of justices of the peace for towns incorporated under its provisions. But it is provided by the first section of the justice's act, "that the number of justices of the peace in each township shall be regulated by the board of county commissioners of the county, by proper orders of record; but the number shall not exceed three for each township, and one in addition thereto for each incorporated town therein, and authenticated copies of such orders shall be furnished by the auditor to the clerk of the Circuit Court." 2 G. & H. 576.

Justices of the peace are township officers, and under the constitution of the State must be elected by the qualified voters of the township. 1 G. & H. art. 7, § 14, p. 47. The object of the first section of the justices act, copied above, is to empower the board of county commissioners to regulate and fix the number of justices of the peace for each township in the county. It confers on the commissioners a discretionary power as to the number, to be exercised by them as the public exigency may require. The latter clause of the section, however, limits that discretion by providing that not more than three shall be elected in each township, and one in addition thereto for each incorporated town therein. In other words, if the township contains no incorporated town within its limits, it cannot have more than three justices of the peace, but if it contains an incorporated town or towns, then an additional number of justices, equal to the number of incorporated towns, may be allowed. All however are justices of the township, and elected by the voters thereof. The additional justice so provided for on account of an incorporated town may, by the order of the board of commissioners providing for his election, be required to reside within the corporate limits; but he would nevertheless be a justice of the township, and elected by the voters thereof, and his jurisdiction would be

co-extensive with the township. In view then of both these statutory provisions, its seems to us evident that the provision of the act for the incorporation of towns, authorizing prosecutions for violations of the ordinances of the town "before a justice of the peace of such town," gives to any justice of the peace of the township, residing within the corporate limits of the town, jurisdiction in such cases. The words "of such town," can only have reference to the place of residence of the justice, and not to the purpose for which he was elected.

The judgment of the Court of Common Pleas dismissing the case is reversed and set aside, with costs, and the cause remanded for further proceedings in accordance with this opinion.

*H. Richards, A. T. Rose* and *D. E. Beem,* for appellant.

*S. W. Curtis, W. E. Diltemore* and *J. C. Robinson,* for appellee.