MOSLEY ET AL., JUSTICES OF THE PEACE, *v.* BOARD OF COMMISSIONERS OF MARION COUNTY ET AL.

[No. 25,350. Filed February 19, 1929.]

*L. Russell Newgent* and *Walter G. Todd,* for appellants.

*Martin M. Hugg, Cassius C. Shirley, Charles E. Cox, James M. Ogden, Lawrence B. Davis* and *Jacob Morgan,* for appellees.

GEMMILL, J.—The appellants, Alvin Mosley, Walter Glass, Isadore Wulfson and Conrad Keller, purporting to act as justices of the peace of Center Township, Marion County, Indiana, brought this action against the board of commissioners of the county of Marion, Albert F. Walsman, as trustee of Center Township, Omer S. Hawkins, as sheriff of Marion County, William H. Remy, as prosecuting attorney of the Nineteenth Judicial Circuit, asking that they be enjoined from seizing the dockets and public records held by said justices and from interfering with them in the performance of their duties as such justices of the peace. The four municipal judges were also joined as defendants. Appellants say that they were made defendants for the reason that the complaint attacked the validity of the municipal court of Marion County.

The second amended complaint contained the following material allegations: By virtue of Art. 7, §14, of the state Constitution, the board of commissioners of the county of Marion, in compliance with the acts of the legislature of 1913, designated by proper order of record, five justice of the peace courts in Center Township, and that, at the general election of 1922, the appellants were elected to four of said courts and one, Edward L. Deitz, was elected to the fifth court, and that all of said parties qualified and entered into said offices or courts and performed the duties thereof for four years, and that, at the general election of 1926, only one justice of the peace was elected by the voters of Center Township, he being Edward L. Deitz, who succeeded himself in the court or office he had previously held, and that there were no successors elected at said election of 1926 to take the

courts or offices theretofore designated by proper order
of record by the board of commissioners of the county
of Marion, and that said courts were not set aside by
said board of commissioners, but still remained of record,
and that, by virtue of the Constitution, Art. 15, §3, the
said four justices of the peace, appellants herein, held
over and continued in the said offices or courts, and are
now continuing in same until successors are elected and
qualified, and that in so far as the act of 1925, same being
ch. 117, p. 293, of the acts of 1925, attempts to abolish
the courts of the appellants, same is void and unconsti-
tutional, being in conflict with Art. 7, §14, and Art. 15,
§3, of the Constitution of Indiana; that there is no
valid municipal court of Marion County, and that the
act of 1925, page 293, is not operative or effective; that
the appellees are threatening to and are now about to
enter upon the premises of the courts of appellants,
seize their books and records and the public dockets of
said courts, thereby preventing appellants from per-
forming their duties, and that said intrusion is unlawful
and without warrant of law; that in said dockets are
recorded divers orders and judgments relating to the
public at large, and that the appellants, as justices of the
peace, are entitled and are obligated to perform duties;
and that, by said trespass, if not enjoined, said appellees
will cause appellants to break their bonds and make them
become liable for damages to various persons, all to the
irreparable injury and damage to appellants and to the
public; that no title is involved and no one is claiming
the right to hold said courts adverse to appellants. The
prayer is for an injunction staying said threatened
intrusion.

The appellees filed separate and several demurrers to
the second amended complaint, which the court sus-
tained. Appellants refused to plead further, and the
court rendered judgment on the demurrers in favor of

appellees and against appellants. The appellants have appealed from this ruling.

Article 7, §14 of the state Constitution is as follows: "A competent number of justices of the peace shall be elected by the voters in each township in the several counties. They shall continue in office four years, and their powers and duties shall be prescribed by law."

Part of §1856 Burns 1926 reads: "The number of justices of the peace in each township shall be regulated by the board of county commissioners of the county by proper order of record, . . . Provided, however, That in no event shall the number of justices in any township in which is located a city having a population of one hundred thousand (100,000) or more, as shown by the last preceding United States census, exceed five justices."

Section 1861 Burns 1926 is as follows: "The reduction of such number (of justices of the peace) shall not operate to remove any justice from office." And §1868 Burns 1926 is: "Whenever the office of any justice becomes vacant, all dockets, papers and laws which came to his hands by virtue of his office shall be delivered to his successor; or if no successor has yet been elected and qualified, then to [the] nearest justice in the township"; etc.

By chapter 194 of the acts of 1925, the General Assembly provided for a municipal court in any of the counties of this state wherein is situated an incorporated city containing a population of not less than 300,000 according to the last preceding census of the United States. Under that act, a municipal court was established in Marion County, according to the second amended complaint, on January 1, 1926. This court has held in the case of *Mosley* v. *Board, etc.* (1929), *ante* 515, 165 N. E. 241, that the municipal court of Marion County is a valid court and that the judges thereof have been legally chosen.

Chapter 117 of the acts of 1925, is as follows: "That in all townships of the state, located in whole or in part within the corporate limits of any city of said state wherein municipal courts exist or may hereafter exist under the provisions of any law, now in force or which may be hereafter passed, the number of justices of the peace shall be limited to one in each of such townships, to be chosen in the manner now provided by law: Provided, however, That all justices of the peace now, or hereafter holding any office in any such township, at the time any such municipal court may be created, shall continue to hold said office and discharge the duties thereof during the term for which said justices of the peace have been elected."

"The constitution of Indiana requires that 'a competent number of justices of the peace shall be elected by the voters in each township,' but it leaves the number to legislative determination." Watson, McDonald's Treatise (5th ed.) ch. 1, §1. In 35 C. J. 455, §7, it is said: "Where the constitution contains no limitation on the power of the legislature over the office (of justice of the peace), it may make such regulations as to the number of justices, the mode of their election, appointment, or removal, their jurisdiction and compensation, as it may see fit, although the effect of such regulations may be virtually to abolish the office in particular instances." The legislature may determine what jurisdiction it will give to boards of commissioners. *Gordon* v. *Corning* (1910), 174 Ind. 337, 92 N. E. 59, and cases cited.

In the act of 1913, (§1856 Burns 1926), providing for the number of justices of the peace to be regulated by the board of commissioners of the county by proper order of record, certain statutory provisions are made as to number. Chapter 117 of the acts of 1925 was enacted in connection with the law providing for the creation of municipal courts in certain counties.

The regulation by the board of county commissioners of the county of the number of justices of the peace in each township, by proper order of record, must be in accord with the statutory provisions therefor.

After the municipal court of Marion County existed in the city of Indianapolis, then chapter 117 of the acts of 1925, became effective as to the number of justices of the peace Center Township could have, subject to the proviso therein that all justices of the peace holding office in the township at the time of the creation of the municipal court should continue to hold said office and discharge the duties thereof during the term for which they had been elected. And any order formerly made by the board of commissioners that provided for more than one justice of the peace in Center Township was in conflict with Acts 1925, ch. 117, and could not govern after the terms of appellants had expired. Appellants had no legal right to rely upon the order providing for five justices of the peace in Center Township, and hold over after the expiration of their terms, as said order became invalid.

The appellees claim that Edward L. Deitz, justice of the peace, became the successor of the appellants. This is denied by the appellants. It does not matter whether he was their successor or the nearest justice in the township, (being the only one, he was the nearest) when their offices became vacant, all dockets, papers and laws which came to their hands by virtue of their offices, should have been delivered to him. §1868 Burns 1926.

The superior court did not commit error in sustaining appellees' separate and several demurrers to the second amended complaint.

The judgment is affirmed.