PERRY CIVIL TOWNSHIP OF MARION COUNTY ET AL. *v.*
INDIANAPOLIS POWER & LIGHT COMPANY ET AL.

[No. 27,890.   Filed November 23, 1943.   Rehearing denied
December 21, 1943.]

86

*Kivett, Chambers & Kivett,* of Indianapolis, for appellants.

*Wymond J. Beckett, Joe R. Beckett* and *James A. Ross,* all of Indianapolis (*Ross, McCord, Ice & Miller,* of Indianapolis, of counsel), for appellees.

SHAKE, J.—Some twenty years ago the appellee, Indianapolis Power and Light Company, acquired a tract of real estate in Marion County, upon which it has constructed a power plant at a cost of several million dollars. Prior to 1933 this property was located in Decatur Township, but on November 3, of that year, the Board of Commissioners of Marion County entered an order changing the boundary line between Perry and Decatur Townships, resulting in said property being in Perry Township. The validity of this order was subsequently sustained by the Shelby Circuit Court, which judgment was affirmed by the Appellate Court of Indiana and this court denied transfer. *Decatur Township* v. *Board of Commissioners of Marion Co.* (1942), 111 Ind. App. 198, 39 N. E. (2d) 479. The history of the controversy is revealed by the opinion in that case.

On February 13, 1943, the Governor approved an emergency bill adopted by the 83rd General Assembly, which contained the following provisions:

"Section 1. Be it enacted by the General Assembly of the State of Indiana, That no township

or townships in any county in this state shall be abolished, or its present boundary lines in any way changed or altered unless a majority of the freeholders of the township or townships affected thereby shall sign a petition requesting the board of county commissioners to order such change or abolishment: Provided, however, that in all townships which have within their boundary lines any part of a city having a population of 300,000 or more, according to the last preceding United States census, where the boundary lines of such township or townships have been changed by the board of county commissioners without a petition such as described above, such boundary lines are hereby restored and fixed as they existed at the time they were so changed . . ." Acts 1943, Ch. 23, p. 49, § 65-130, Burns' 1933 (Supp.), § _____, Baldwin's Supp. 19__.

This action was thereupon instituted by the appellee, Indianapolis Power and Light Company, against the appellants, Perry civil and school townships, and the appellees, Decatur civil and school townships. Other parties were subsequently brought into the case and they are named as appellees herein. The issues, formed by the complaint, a cross-complaint, and the answers thereto, called for a declaratory judgment determining whether the aforesaid Act of 1943 is valid or invalid; whether the proviso thereof is applicable to the boundary line between Perry and Decatur Townships, as it existed prior to November 3, 1933; and in which of said townships the property of the appellee, Indianapolis Power and Light Company, is located and liable to be taxed.

The evidence was stipulated and the trial court made a general finding and rendered a declaratory judgment to the effect that the Act of 1943 is in all respects constitutional and valid; that, under the stipulated facts, the Act is applicable to the boundary line in dispute;

and that by virtue thereof the property of the Indianapolis Power and Light Company is in Decatur Township and liable to be taxed thereby, notwithstanding the order entered by the Board of Commissioners of Marion County on November 3, 1933. The appellants complain of the overruling of their motion for a new trial and all of the assigned errors are presented under the single proposition that the decision of the trial court is contrary to law.

The appellants contend that the aforesaid Act of 1943 violates Sections 22 and 23 of Article 4 of the Constitution of Indiana, which says: (§ 22) "The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say: . . . (10) Regulating county and township business;" and, (§ 23) "In all the cases enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State." The appellees assert, in defense of the judgment, that the entire statute is a valid general law; but that if it is concluded that the proviso renders it special, then it is not within the prohibition contained in Section 22 and that it is within the exception recognized by Section 23 of Article 4 of the Constitution.

The appellees assert that the establishment of the boundaries of the geographical subdivisions of the State, however accomplished, must necessarily be the result of legislation that is inherently special in character. It is their theory that the division of the territory of the State into geographical units, for the purposes of local government, amounts to severable acts of special legislation, enacted pursuant to the sovereign power of the State, irrespective of the means by which this is accomplished. They concede that it is proper

to delegate to administrative agencies the function of laying out and defining townships, but they say that the boundaries so established are, nevertheless, subject to direct modification at the will of the Legislature. They conclude, therefore, that legislation affecting local boundaries is not a regulation of county or township business, and that a general law cannot be made applicable so as to render invalid special legislation on the subject.

The first part of the Act of 1943 merely amends a method of changing the boundaries of townships that has been and is of uniform operation throughout the State. The proviso applies only to townships which contain a part of a city with population of 300,000 or more. As to townships of the latter class it is provided that if the boundaries have been changed by the board of commissioners, without a petition signed by a majority of the freeholders of the townships affected, the boundaries existing before such changes were made are restored. This proviso, if valid, has the effect of changing the line separating Perry and Decatur Townships in Marion County, as the same existed immediately prior to the adoption of the Act of 1943.

It may be stated as a general proposition that, in the absence of constitutional restrictions, the Legislature may by special enactment create counties by naming them and describing their boundaries, or it may provide for their creation by general laws. 15 C. J., Counties, § 4, 20 C. J. S., Counties, § 5. While counties and townships have different historical origins, we think they may be treated alike from the standpoint of the validity of legislation affecting their creation, abolition, merger, and modification. An examination of the laws of this State reveals that the establishment of counties and their subsequent division

into new counties has usually been the subject of special legislation, while the creation and modification of townships has uniformly been achieved through the operation of general laws. It cannot be doubted, however, but that the General Assembly might, in the first instance, have directly defined the boundaries of every township in the State had it seen fit to do so. On the other hand, on one occasion, at least, a general law was enacted providing for the creation of new counties and for defining their boundaries. Laws 1857, ch. XV, p. 25. In sustaining the validity of this act, this court said:

> "It is insisted that the power to organize new counties, has ever been exercised by direct legislation and cannot be delegated. The position thus assumed is not, in our opinion, well taken. The act . . . is a general law of uniform operation, to be executed through the agency of the board of commissioners. . . . This is evidently not the exercise of delegated legislative power; but merely the application of the provisions of a general law to a given case, local in character." *Board of Commissioners of Jasper Co.* v. *Spitler* (1859), 13 Ind. 235.

We conclude, therefore, that the matter of changing township boundaries may properly be the subject of general laws. Except for the proviso contained in section 1, the Act of 1943 is clearly a general law of uniform operation throughout the State. On its face the proviso likewise purports to be general, rather than special.

A special law is one made for individual cases, or for less than a class requiring laws appropriate to its particular condition and circumstances, or one relating to particular persons or things of a class. *State* v. *Foster* (1922), 28 N. M. 273, 212

P. 454; 39 Words and Phrases, Permanent Edition, p. 638. "Pass a law of general nature, without any words of application, and it operates uniformly throughout the state. Pass such a law and attempt to limit its operation (by a proviso or exception in the nature of a special act) and either the law or the limitation will be void." *Darling* v. *Rodgers* (1871), 7 Kan. 592.

This brings us to the proposition as to whether there is any rational basis for the classification in the proviso whereby the existing boundaries of a single township containing a part of a city of 300,000, or more, is automatically changed, in a general statute otherwise vesting exclusive authority in certain administrative agencies to make future changes of all township boundaries in accordance with a declared formula. Population, alone, is not a proper basis for legislative classification, unless population bears a rational relationship to the subject dealt with. If it were otherwise, the General Assembly could readily circumvent all constitutional prohibitions against special legislation by the simple device of arbitrarily limiting the application of so-called general statutes. *Kraus* v. *Lehman* (1908), 170 Ind. 408, 83 N. E. 714, 84 N. E. 769, 15 Ann. Cas. 849.

To ascertain whether the proviso rests upon a justifiable classification we must, therefore, survey the field to which the act applies and consider the character of the subjects with which it deals. We know judicially that there are 1013 townships in Indiana, and it is admitted that the proviso is presently applicable only to the boundaries of Perry and Decatur Townships in Marion County. We also know the governmental functions of civil and school townships in this State. In the main, these deal with taxes, schools, highways, and poor relief. Counsel for the appellees

have not suggested, nor have we found, anything in the nature of these subjects to justify such an arbitrary classification as that attempted to be made by the proviso. *Heckler* v. *Conter* (1934), 206 Ind. 376, 187 N. E. 878.

The only reason advanced in defense of the classification is that the Legislature may have had in mind the correction of a gross abuse of authority on the part of the Board of Commissioners of Marion County, when it changed the boundary line in dispute in 1933. We can indulge no such presumption. On the contrary, it will always be presumed that public officers have done their duty until it is made to appear that they have not. *Southern Indiana Gas & Electric Co.* v. *City of Boonville* (1939), 215 Ind. 552, 20 N. E. (2d) 648. But in this case we have, in addition to the presumption of regularity, a judicial adjudication, affirmed on appeal, to the effect that the order of the Board of Commissioners is valid. *Decatur Township* v. *Board of Commissioners of Marion Co., supra.* In the face of the proper presumption and the indisputable record, we cannot assume that the General Assembly was motivated by any such consideration as that suggested by the appellees. It seems equally clear, in view of what has already been said, that it was beyond the purview of the Legislature, whatever its purpose, to limit the scope of a general law by a proviso that is inherently local and special in nature. The attempted limitation is as bad as it would have been if it had specifically named Perry and Decatur Townships and had described the line separating them by metes and bounds. The proviso is void. Since it may be eliminated, leaving the remainder of the act complete, sensible, and capable of enforcement, it is not necessary for us to go further. *Indiana State Board*

*of Medical Registration and Examination et al.* v. *Suelean* (1941), 219 Ind. 321, 37 N. E. (2d) 935.

Reversed, with directions to enter a declaratory judgment in accordance with this opinion.

NOTE.—Reported in 51 N. E. (2d) 371.