## BALLY ET AL. *v.* GUILFORD TOWNSHIP SCHOOL CORPORATION ETC. ET. AL.

[No. 29,223.   Filed December 22, 1954.   (recalled)   Rehearing granted April 19, 1955.   Judgment Affirmed April 21, 1955.]

274

*Paul J. DeVault, Donald Schabel,* and *Buschmann, Krieg, DeVault & Alexander,* of Indianapolis, of counsel, for appellants.

*James H. Neu* and *Kizer & Neu,* of Plymouth, of counsel, as *amicus curiae* in support of appellees' petition for rehearing.

*Edwin K. Steers,* Attorney General, *Thomas L. Webber,* Deputy Attorney General, and *Robert Hollowell,* special counsel, as *amicus curiae,* in support of appellees' petition for rehearing.

## ON PETITION FOR REHEARING

LEVINE, J.—A petition for rehearing was filed and

granted in this cause. Granting a rehearing recalls the former opinion of this court. Ewbank's Manual of Practice (2d ed.), §246, p. 476.

The only question involved in this case is the constitutionality of Chapter 88 of the Acts of 1953 of the Indiana General Assembly, being Burns' 1948 Replacement (1953 Supp.), §28-2455 et seq. The trial court adjudged the statute to be valid and constitutional, and appellants, who were the plaintiffs in the trial court, are appealing herein.

The facts were stipulated and briefly set out that the incorporated town of Plainfield, in Guilford Township, Hendricks County, has a population of not less than 2,000 persons, and that Guilford Township has a population of not less than 3,500 persons, all according to the last preceding United States Census. Township schools are located in said township, which are operated under and pursuant to the direction of the township trustee, and said schools provide public school facilities for all of the residents of said township.

There is a further stipulation that at the time of the enactment of Chapter 88 of the Acts of 1953 there were 1,009 townships in the State of Indiana, of which 150 had a population in excess of 3,500 persons. Twenty-six of these had a population in excess of 3,500 persons and contained an incorporated town having a population of not less than 2,000 persons. At the time of the enactment there were only three townships having a population of not less than 3,500 persons and containing an incorporated town of not less than 2,000 persons, whose township schools were being operated under and pursuant to the direction of a township trustee and providing public school facilties for all of the residents of the township. We have no information as to

the number of townships having an unincorporated town which could qualify by the incorporation thereof.

Among other things, the act provides that, if the voters of the township so elect, the control of the township schools may be transferred from the township trustee, in whom such control has traditionally resided in this state, to a school corporation, under a five-member board of school trustees consisting of the township trustee by virtue of his office and four appointive members, two to be appointed by the township trustee's advisory board and two by the trustees of the largest town located in the township.

In accordance with the procedure outlined in the act, such steps were here taken. An election was held and the "Guilford Township School Corporation" was established and is now operating. This corporation now contemplates incurring obligations and the expenditure of funds for the purpose of furnishing additional school facilities which would increase appellants' tax burden.

The question to be decided is whether the above act is a local and special law in contravention of Article 4, §22, sub-sections 10 and 13, and Article 4, §23, of our Constitution, which are set out in full in the footnote.[1]

To stand the test of constitutionality, a legislative classification must not be arbitrary or capricious, but

---

1. "§22. Local or special laws forbidden.—The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say:

. . .

"[10.] Regulating county and township business;

. . .

"[13.] Providing for supporting common schools, and for the preservation of school funds; . . ."

"§23. Laws must be general.—In all the case enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

must be logical and reasonable, natural and not artificial. It must be founded upon real and substantial differences which inhere in the subject matter of the act and its objective. It must rest upon some reason which is natural and substantial. It must genuinely classify—not merely serve to identify and set apart. *Kraus* v. *Lehman* (1908), 170 Ind. 408, 83 N. E. 714, 84 N. E. 769; *Perry Civil Twp.* v. *Indianapolis Power & Light Co.* (1943), 222 Ind. 84, 51 N. E. 2d 371; *Heckler* v. *Conter* (1934), 206 Ind. 376, 187 N. E. 878; *Evansville, etc., Ry. Co., Inc.* v. *So. Ind. R. E. Corp.* (1953), 231 Ind. 648, 109 N. E. 2d 901; *Perry Tp.* v. *Indianapolis Power & Light Co.* (1946), 224 Ind. 59, 64 N. E. 2d 296; *Fairchild, Prosecuting Atty., etc.* v. *Schanke et al.* (1953), 232 Ind. 480, 113 N. E. 2d 159.

In construing the constitutionality of a statute, it is the duty of the court to adopt a construction in favor of the constitutionality, and not against it, if it is possible for the court to do so. 11 Am. Jur., Constitutional Law, §97 et seq., p. 725; *Zoercher* v. *Agler* (1930), 202 Ind. 214, 172 N. E. 186, 70 A. L. R. 1232.

Under statutes preexisting the act herein considered, incorporated towns located in townships could establish and control their own schools or abandon them to the township trustee, but joint control could be achieved only under consolidation statutes, which were not available unless incorporated towns already had their own school system. The objective of Chapter 88 of the Acts of 1953 was to furnish an alternative and optional method of joint school control in those cases where the existing consolidation statutes were inapplicable. Appellants concede that the act is merely one to improve school administration generally, and urge that the act

is invalid because it is too limited of application. Appellees, on the other hand, urge that the act is not, in fact, directed to the specific problem of giving incorporated towns some voice in the administration of the school system serving them, but that it establishes a valid classification in which this aim may be accomplished.

There is a rational relationship between population and the subject dealt with by Chapter 88, and, when there is reason for the classification based on population, the Legislature must fix the dividing line some place in the interest of uniformity, and if the population requirement is not arbitrary and capricious, and the classification is otherwise reasonable, the courts will not interfere. *Smith* v. *Board, etc.* (1910), 173 Ind. 364, 90 N. E. 881; *Strange* v. *Board, etc.* (1910), 173 Ind. 640, 91 N. E. 242. In *State* v. *Griffin* (1948), 226 Ind. 279, 288, 79 N. E. 2d 537, 542, this court said:

"Any classification that may be made, necessarily is arbitrary. The most that can be said is that some may be more arbitrary than others. Horack's Sutherland Statutory Construction (2d Ed.), §2106 —quoted in *Perry Twp.* v. *Indianapolis Power & Light Co., supra* . . ."

In this cause the statute provides, as a prerequisite for its applicability, that the township schools must provide public school facilities for all the residents of the township. We do not feel that this provision makes this statute arbitrary, capricious, unreasonable, irrational, or artificial.

"The desirability, or need for legislation is entirely for the legislature to determine. The question of its wisdom in adopting a classification is a matter of no concern to the courts. The courts may determine only whether the classification is founded on substantial

distinctions in the subject matter . . . . *Koplovitz* v. *Jensen* (1926), 197 Ind. 475, 487, 151 N. E. 390; *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 674, 80 N. E. 529." *State* v. *Griffin, supra,* 226 Ind. 279, 288, 79 N. E. 2d 537, 542.

It is clear that the disagreement of the parties as to the validity of the classification established in the act (Chapter 88 of the Acts of 1953) is mainly based on the difference between the purpose and the objective of the act. Appellants concede that limitation of a minimum population in the township of 3,500 is reasonable. They object that the qualification that the township must have located in it an incorporated town of at least 2,000 persons is unreasonable and arbitrary. We feel that this qualification is not unreasonable, and is necessary in the objective of giving such incorporated towns a voice in the school system serving them. Were there no incorporated towns in the township, there would be no organized governmental unit within the township to have any separate part in the operation of the school system. We see no objection to the Legislature making the dividing line of a township having at least 3,500 population and a town of at least 2,000. *Smith* v. *Board, etc.* (1910), 173 Ind. 364, 90 N. E. 881, *supra; Strange* v. *Board, etc.* (1910), 173 Ind. 640, 91 N. E. 242, *supra; School City of Rushville* v. *Hayes* (1904), 162 Ind. 193, 70 N. E. 134.

There is nothing bad in the provision that the act apply only in townships where schools are operated and controlled by the township trustee on a township-wide basis. This, too, is in line with the purpose and objective of the act. As to the objection of appellants that, where there are two incorporated towns in a township otherwise meeting the classification of the act, only the larger town is au-

thorized to appoint members of the Board of School Trustees (§28-2461, Burns' 1948 Replacement [1953 Supp.]), we believe it is perfectly logical to permit this rather than complicate the school administration by increasing the school board further for an absolutely balanced representation. This would not make the act unconstitutional as special or local legislation.

In the matter of the classification of objects for the purpose of legislation, this court said in *State* v. *Griffin* (1948), 226 Ind. 279, 287, 79 N. E. 2d 537, 541, 542, *supra:*

" '. . . It is, of course, competent for the legislature to classify objects of legislation. It has a large discretion in this regard, and if the classification is reasonable, not artificial or arbitrary, and rests upon some substantial difference of situation or circumstances indicating the necessity or propriety of legislation restricted to the class created, it will be upheld. It must have regard to the character of the legislation and the distinctions must bear a proper relation to the classification. . . . However, if these fundamental requirements are present, it has been said that classification need not be scientific, consistent, logical or exact. It is not necessary that the reason for the classification should appear on the face of the legislation. In determining the propriety of the classification the court may resort to facts that are within its judicial knowledge, contemporaneous conditions and situations of peoples, existing state policies, and matters of common knowledge.' 59 C. J., Statutes, §319, pp. 732, 733."

The immediate limited applicability of the act does not make it unconstitutional. The fact that it is presently applicable to three townships is not fatal, for statutes immediately applicable to only one governmental unit are common and have been upheld. It was said in *City of Indianapolis* v. *Navin*

(1898), 151 Ind. 139, 145, 47 N. E. 525, 526, 51 N. E. 80:

"It is not necessary, under the provisions of section 23 of article 4, declaring that all laws shall be general and uniform throughout the State, that legislation concerning cities should operate uniformly on all the cities in the State, to make it general. A law which applies to cities having a population of 100,000 or more, when there is but one such city, and is so framed as to operate on all other cities in the State as they acquire the necessary population, is a general law, because it operates on all cities alike, under the same circumstances. *Pennsylvania Co.* v. *State*, 142 Ind. 428."

See, also, *Bumb* v. *City of Evansville* (1907), 168 Ind. 272, 80 N. E. 625; *Meara, Trustee* v. *Brindley* (1935), 207 Ind. 657, 194 N. E. 351; and *Groves* v. *Board of Commissioners, Lake County* (1936), 209 Ind. 371, 199 N. E. 137.

While the act is aimed to give relief in a somewhat narrow field, that is inherent in legislation dealing with our school systems. As this court noted in *Wayne Township* v. *Brown* (1933), 205 Ind. 437, 463, 186 N. E. 841, 850, citing *Strange* v. *Board, etc.* (1910), 173 Ind. 640, 91 N. E. 242, *supra*:

" 'If there is a reason for classification, then, in the very nature of the case, the existence of the power implies the right to fix it at some place, or at some number, or at some population, and the right to fix the classification rests with the legislative body.' "

The General Assembly, when it passed Chapter 88, determined it was in the public interest to permit the voters of a township within the class to establish a new school corporation provided by the act. At a proper election the majority voted the formation of this new

school corporation. The appellants have not shown to this court wherein Chapter 88 is an unreasonable discrimination against any other school corporation in the state. If the voters of the township, by following the statute, wish to take advantage of the provisions contained in Chapter 88, and obtain what they consider to be better government in their schools, they ought to have that right.

The judgment of the trial court is affirmed.

Henley, C. J., and Achor and Emmert, JJ., concur.

Bobbitt, J., dissents for the reasons stated in the majority opinion by Draper, J., reported in 123 N. E. 2d 172. (Unofficially reported.)

NOTE.—Reported in 126 N. E. 2d 13.