CAESAR *v.* DEVAULT, TOWNSHIP TRUSTEE, ETC. ET AL.

[No. 29,410.   Filed April 3, 1957.]

*Robert H. Moore,* of Gary, for appellant.

*Spangler, Jennings & Spangler,* and *William S. Spangler,* of Gary, for appellees.

LANDIS, J.—The question presented in this case is whether Calumet Township, Lake County, Indiana, is entitled to more than one justice of the peace.

This was an action for declaratory judgment brought by appellees DeVault and Holovachka, as township trustee of Calumet Township and prosecuting attorney of Lake County, respectively, and by Holovachka individually against appellant, asking that appellant's appointment as justice of the peace be declared null and void and that it be declared that said Calumet Township under the laws of Indiana is entitled only to one justice of the peace.

The action below was also brought against appellee Steers as Attorney General of the State of Indiana, but no service of process was had upon him nor did he

appear to the action, and he is named an appellee as he was listed a defendant in the cause below.

Appellant filed answer to the complaint and a cross complaint, and after change of venue to Porter County, the lower court found that at the time of appellant's appointment there was a duly elected, qualified, and acting justice of the peace in said Calumet Township, and that appellant's appointment as a second justice of the peace therein was unlawful and void.

The parties to this action tried the cause below upon stipulations of fact which were in substance that one Paul Dudak is a duly elected and acting justice of peace since January 1, 1955. That on March 28, 1955, the board of county commissioners of Lake County, Indiana, appointed appellant as an additional justice of peace for the balance of a term expiring December 31, 1958. That on March 29, 1955, George N. Craig, Governor of the State of Indiana, issued to appellant her commission and certificate of appointment, and on March 30, 1955, appellant posted her bond and was sworn in as justice of the peace.

It was further stipulated that Calumet Township is located in Lake County, Indiana, and that the city of Gary, having a population of 133,911, is situated in said Calumet Township, that the city of Gary has a city court and is not a county-seat; that the city of Gary is a second class city in Lake County, Indiana, as are Hammond and East Chicago.

The determination of this appeal requires an examination of the Indiana Constitution and the statutes applicable to the case.

Article 7, §14 of the Constitution of Indiana provides: "A competent number of Justices of the Peace shall be elected by the voters in such township in the several counties. . . ." thereby leaving undetermined the number of justices of the

peace, which is a matter for the determination of the legislature.[1]

Pursuant to the legislative authority to prescribe what is a "competent number" of justices of the peace, general laws have been placed on the statute books making general provision for the number of justices of the peace[2] throughout the state.

Numerous particular statutes have also been enacted attempting to limit the foregoing general statutes and we are called upon to determine their effect as they are applicable to the case before us.

The Act of 1921[3] provides in substance that there shall be only one justice of the peace in townships in which is situated a city of the second class, which is not a county seat. Such statute, however, was to a large extent superseded by the Act of 1927[4] providing in substance that in townships containing a city of the second class of a population of more than 55,000 and less than 300,000, and in which exists a city court, there shall be a limitation of two justices of peace.

Subsequently thereto statutes were passed in 1943,[5] in 1945,[6] and two additional statutes were passed in 1949.[7, 8]

---

1. *Mosley* v. *Board, etc.* (1929), 200 Ind. 522, 165 N. E. 244; Lowe, McDonald's Treatise (9th ed.), ch. 1, §1, p. 1.

2. See: Acts of 1903, ch. 111, §1, p. 207, being Burns' §5-102, (1946 Replacement); and Acts of 1913, ch. 308, §1, p. 834, being Burns' §5-101 (1946 Replacement), which to a large extent repeals such foregoing Acts of 1903.

3. Acts of 1921, ch. 57, §1, p. 136, being Burns' §5-108 (1946 Replacement).

4. Acts of 1927, ch. 155, §1, p. 467, being Burns §5-104 (1946 Replacement).

5. Acts of 1943, ch. 184, §1, p. 557, being Burns' §5-108a (1946 Replacement).

6. Acts of 1945, ch. 223, §1, p. 1061, being Burns' §5-108b (1946 Replacement).

7. Acts of 1949, ch. 178, §1, p. 594, being Burns' §5-108b (1955 Cum. Supp.).

8. Acts of 1949, ch. 255, §1, p. 863, being Burns' §5-104 (1955 Cum. Supp.).

The 1943 statute provides in substance that there shall be only one justice of peace in townships located in counties which contain two or more cities of the second class.

The 1945 statute provides in substance there shall be only one justice of peace in townships in counties which townships contain two or more cities of the second class and contain the greater portion of a city of such class having a population of from 110,000 to 115,000.

The 1949 statute mentioned in Note 7 is a technical amendment to the 1945 statute above mentioned, and strikes out the words "the greater portion of" before "city."

The 1949 statute mentioned in Note 8 is an attempted limitation of the 1927 statute referred to in Note 4, to change such statute's application to townships having cities of from 55,000 to 300,000 to townships having cities of from 55,000 to 70,000.

In determining whether the various statutes we are concerned with in this case comply with sections 22[9] and 23[10] of Article 4 of the Constitution of Indiana, it is of interest to note this Court stated in *School City of Rushville* v. *Hayes* (1904), 162 Ind. 193, 200, 70 N. E. 134, 137;

"Under the Constitution of this State, cities and towns may be classified upon the basis of differences in population, and laws applicable to a single class may be regarded as general in their character, and not local or special.

9. "The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say: [1] Regulating the jurisdiction and duties of Justices of the Peace and of Constables; . . . [10] Regulating county and township business; [11] Regulating the election of county and township officers and their compensation. . . ." Sec. 22, Art. 4, Constitution of Indiana.
10. "In all the cases enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State." Sec. 23, Art. 4, Constitution of Indiana.

But the classification must be natural and reasonable, and not arbitrary. It must be founded upon real and substantial differences in the local situation and necessities of the class of cities and towns to which it applies. Where such a classification excludes from its operation cities and towns differing in no material particular from those included in a class, the statute can not be upheld. It is obvious that cities having a population of 100,000 or more may require larger and more varied powers than such as contain a population of 10,000 or less. The political needs of the larger community may be of a different nature, and the forms and methods by which its affairs must be administered may be more extensive, complicated, and elaborate than those required in a municipality of smaller population.

"But can it be said that cities and towns having substantially the same population should be placed in different classes, and each class governed by a different set of laws? What reason requires that such distinctions should be made? Why should cities having a population not exceeding 4,545 nor less than 4,540 be placed in a separate class from cities having a population of not more than 5,000 nor less than 4,000? It is not possible that the political necessities of one of these classes founded on population alone could be different from those of the other. . . . It consists solely in a trifling difference in population. The requirements of the statute serve no other purpose than to identify the particular city to which the statute shall apply. . . . Its legal foundation is not more secure than if it had been declared to apply to all cities and towns bearing the name of Rushville, as shown by the last preceding census. The classification is entirely arbitrary and artificial, and the plain command of the Constitution can not be evaded by so weak and transparent a device.

". . . If cities and towns may be classified according to trifling differences in population, so may counties and townships. By means of statutes, general in form, but local and special in purpose, resting entirely upon slight differences in population, every provision of article 4, §22, of the Constitution may be successfully evaded.

". . . Attempted evasions of the Constitution, the object of which is to meet and overcome such local and special conditions, can not be tolerated. A due regard for the highest interests of the citizens of the State requires that all constitutional limitations and restrictions shall be firmly and constantly enforced."

In *Bullock* v. *Robison* (1911), 176 Ind. 198, 204, 93 N. E. 998, 1000, this Court said:

". . . a valid classification must not conflict with well-recognized rules, some of which are as follows: The classification must embrace a class of subjects or places, and not omit any one naturally belonging to the class. It must be based on some reasonable ground, that bears a just and proper relation to it, and not be a mere arbitrary selection. More is required than a mere designation by such characteristics as will serve to classify; the characteristics serving as a basis must be of such substantial nature as to mark the objects so designated as particularly requiring exclusive legislation. There must be a substantial distinction, having reference to the subject-matter of the proposed legislation, between the objects or places embraced in the enactment, and the objects or places excluded. Whether a law is general or special depends on its subject-matter, and not on its form. *Town of Longview* v. *City of Crawfordsville* (1905), 164 Ind. 117, [73 N. E. 78], 68 L. R. A. 622; *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, [80 N. E. 529, 14 L. R. A., N. S., 418]; *Board, etc.* v. *Johnson* (1909), 173 Ind. 76, [89 N. E. 590]; *Bumb* v. *City of Evansville* (1907), 168 Ind. 272, [80 N. E. 625]; *School City of Rushville* v. *Hayes* (1904), 162 Ind. 193, [70 N. E. 134]; *Board, etc.* v. *State, ex rel.* (1904), 161 Ind. 616, [69 N. E. 442]; *Nichols* v. *Walter* (1887), 37 Minn. 264, 33 N. W. 800; *Hetland* v. *Board, etc.* (1903), 89 Minn. 492, 95 N. W. 305; *State, ex rel.* v. *Ellet* (1890), 47 Ohio St. 90, 23 N. E. 931, 21 Am. St. 772 and notes; *Wanser* v. *Hoos, supra,* [60 N. J. L. 482, 38 A. 449]; *State, ex rel.* v. *Hammer* (1880), 42 N. J. L. 435; *State, ex rel.* v. *Jones* (1902), 66 Ohio St. 453, 64 N. E. 424, 90 Am. St. 592; *People,*

*ex rel.* v. *Martin* (1899), 178 Ill. 611, 53 N. E. 309. See also: *Gulf, etc. R. Co.* v. *Ellis* (1897), 165 U. S. 150, 159, 17 S. Ct. 255, 258, 41 L. Ed. 666, where the following appears:
"But arbitrary selection can never be justified by calling it classification. The equal protection demanded by the fourteenth amendment forbids this."

Applying these principles to the statutes before us, it is apparent that the 1927 statute[11] prescribing two justices of the peace in townships containing cities of the second class of from 55,000 to 300,000 (sic)[12] is a valid classification as it is predicated upon a reasonable basis and is not a mere arbitrary selection. It is obviously of general application throughout the state, and it is only natural that less justice of peace courts would be needed in townships where the city courts of cities of the second class are in existence.[13] We find nothing unconstitutional in the classification there attempted.

The 1943,[14] and 1945,[15] and 1949,[16, 17] statutes however, are in our opinion entirely different in their

11. Acts of 1927, *supra*, ch. 155, §1, p. 467, being Burns' §5-104 (1946 Replacement).
12. This top figure of 300,000 exceeds the limit for second class cities which by statute are cities from 35,000 to 250,000. The statute being specifically limited to second class cities could not accordingly apply to cities above 250,000, and is surplusage as to the excess above 250,000.
13. For example, such city courts have exclusive jurisdiction in preference to justices of peace as to violations of highway traffic laws occurring within such city, and would therefore reduce the need for justices of peace within such cities. See: *State* v. *Rice* (1956), 235 Ind. 423, 134 N. E. 2d 219; *Gill* v. *State* (1953), 232 Ind. 36, 111 N. E. 2d 275; *Basson* v. *State* (1933), 205 Ind. 532, 187 N. E. 344.
14. Acts of 1943, *supra*, ch. 184, §1, p. 557, being Burns' §5-108a (1946 Replacement).
15. Acts of 1945, *supra*, ch. 223, §, p. 1061, being Burns' §5-108b (1946 Replacement).
16. Acts of 1949, *supra*, ch. 178, §1, p. 594, being Burns' §5-108b (1955 Cum. Supp.).
17. Acts of 1949, *supra*, ch. 255, §1, p. 863, being Burns' §5-104 (1955 Cum. Supp.).

nature and purpose. The 1943 Act which limits the number of justices of peace to one, in all townships *located in counties* containing two or more cities of the second class, appears to be an artificial and arbitrary classification and not based upon reason. Why should the number of justices of peace be reduced in every township throughout the county simply because there happen to be two cities of the second class located somewhere in the county? Any attempt to impose a classification limit beyond the township and over the entire county regardless of the size or needs of the particular township is oblivious of the fact that justices of peace are township officers[18] and that limitations on their number should have some reference to the nature of the township rather than pertain solely to the county or some larger governmental or political subdivision.

There are additional reasons why the attempt to limit justices of peace to one in every township in a county having two second class cities is illogical and unreasonable. City courts in such class cities do not to any appreciable extent reduce the need for justices of peace in other townships as such city courts do not have exclusive jurisdiction of any class of cases in any township outside such cities.[19] By contrast, we have heretofore noted that the classification under the 1927 Act was predicated on a sound and logical basis as the need for justices of peace is less in townships where city courts have exclusive jurisdiction of classes of cases otherwise triable by justices of peace.

It is apparent that the classification attempted under the 1943 Act was unreasonable and was not intended to have general application, but as appellees admit in their brief, "specified the number of justices of peace

18. *The Town of Spencer* v. *Cline* (1867), 28 Ind. 51.
19. See: Note 13.

to be elected in Lake County, Indiana." There is no probable relationship indicated in the statute as to the affinity between the cities and the townships affected, but it appears simply to have been an effort to pass special legislation for Lake County, Indiana; and that, under the Indiana Constitution, is invalid.

The Act of 1945 which limits justices in townships in counties which townships contain two or more cities of the second class, and a city of such class of a population of from 110,000 to 115,000, is similarly violative of the Indiana Constitution as it is just another attempt to pass legislation for a particular county and is as much in conflict with the Constitution as if it had been specifically declared to apply to all counties bearing the name of Lake. If classification is to have any reasonable basis whatever, such a statute must be struck down, as there is no reason whatever for an arbitrary classification made to depend on any such trifling difference in population as whether there is a city in the township of 110,000 to 115,000 in population.

The Act of 1949 which is only a technical amendment of the Act of 1945, by deleting the words "greater portion of" before "city", does not change the nature of the statute with reference to classification, and it is as objectionable as the 1945 Act previously discussed.

The remaining Act of 1949 attempting to restrict the Act of 1927 by confining its provisions to cities of the second class of from 55,000 to 70,000 is another arbitrary and capricious attempt at classification as its effect is to provide two justices of peace for townships with cities of from 55,000 to 70,000, but to limit townships with cities above 70,000 to only one justice of peace where the need nevertheless would be greater. The act is further in-

valid as it has the effect of excluding the township containing the city of Evansville entirely from any statutory provision for justices of peace. See: Ops. Att'y Gen. 228 (1949).

In view of the conclusion we have come to in this opinion that the Acts of 1943, 1945 and 1949 herein dealt with are unconstitutional, it necessarily follows that the number of justices of the peace permitted in Calumet Township, Lake County, Indiana, is determined by the Acts of 1927, *supra*, ch. 155, §1, which is obviously generally applicable throughout the state and prescribes the limit of such number to be two.

As there is no question but that appellant was otherwise qualified by her selection by the board of county commissioners, and her appointment and receipt of a commission from the Governor, it is our conclusion that the decision of the lower court was contrary to law.

The cause below having been tried entirely upon an undisputed stipulation of facts, the judgment is reversed with directions to enter finding and judgment for appellant.[20]

Achor, C. J., and Arterburn, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 141 N. E. 2d 338.

---

20. Acts 1881 (Spec. Sess.), ch. 38, §649, p. 240, being Burns' §2-3234 (1946 Replacement).