EVANSVILLE-VANDERBURGH LEVEE AUTHORITY DISTRICT
ET AL. *v.* KAMP ETC.

[No. 29,912. Filed July 5, 1960.]

660

*James M. Buthod, James W. Angermeier* and *Buthod, Barnett & Harrison,* all of Evansville, for appellants.

*Floyd W. Burns, James S. Haramy,* and *Cadick, Burns, Duck & Neighbours,* of counsel, all of Indianapolis, for appellee.

ARTERBURN, J.—This is an appeal by the Evansville-Vanderburgh Levee Authority District and others from a judgment in a declaratory judgment action in the Superior Court of Vanderburgh County. The trial court declared Chapter 289 of the Acts of the General Assembly of 1959 to be invalid and unconstitutional and granted the appellee, a taxpayer, an injunction against the operation of the act for the creation of a levee authority as applicable to the City of Evansville and Vanderburgh County. The appellant waives all alleged errors except the constitutional questions presented by the overruling of the motion for a new trial.

Stated simply, the act in question provides for the creation of a joint city-county levee authority district by counties having a population of not less than 160,000 and not more than 180,000 in any city located within such county, upon adoption of appropriate ordinances

by the city and county. At the time of the passage of the act only Vanderburgh County fell within the population bracket specified in the act. Ordinances were passed by the county council of Vanderburgh County and the city council of Evansville, creating the Evansville-Vanderburgh Levee Authority District, as provided in the act.

The trial court held the act violative of Article IV, Sections 22 and 23 of the Constitution of this State.

The legal issue presented is whether or not the act in question is special and local in nature and not of uniform and general operation. The constitutional provisions referred to do not prohibit a classification of the objects of legislation so long as there is a relationship between the classification used and the purpose of the act which inheres in the subject matter. The classification may not be purely arbitrary. *Fairchild, Prosecuting Atty., etc.* v. *Schanke, et al.* (1953), 232 Ind. 480, 113 N. E. 2d 159; *Perry Civil Township* v. *Indianapolis Power & Light Co.* (1943), 222 Ind. 84, 51 N. E. 2d 371; *Kraus* v. *Lehman* (1908), 170 Ind. 408, 83 N. E. 714; 84 N. E. 769.

" ' . . . However, if these fundamental requirements are present, it has been said that classification need not be scientific, consistent, logical or exact. It is not necessary that the reason for the classification should appear on the face of the legislation. In determining the propriety of the classification the court may resort to facts that are within its judicial knowledge, contemporaneous conditions and situations of people, existing state policies, and matters of common knowledge.' " *State* v. *Griffin* (1948), 226 Ind. 279, 79 N. E. 2d 537.

" 'The desirability or need for legislation is entirely for the legislature to determine. The ques-

tion of its wisdom in adopting a classification is a matter of no concern to the courts. The courts may determine only whether the classification is founded upon the substantial distinctions in the subject matter.'" *Bally et al.* v. *Guilford Twp. School Corp. etc.* (1954), 234 Ind. 273, 126 N. E. 2d 13.

With these statements we must keep in mind also the general principle that in construing the constitutionality of a statute it is the duty of the court to adopt any reasonable construction which favors its constitutionality. 5 I. L. E., Constitutional Law, §13, p. 278.

There are many cases in Indiana which hold that population is a valid basis for classification. This is particularly true with reference to legislation pertaining to governmental organization and operation, since the size of the governmental unit has an important bearing on how its operation shall be performed, as well as its efficiency. In all classifications made by population there is always some element of arbitrariness. Yet the presence of such element does not make the legislation special if there still remains some relationship between such classification and the objective of the law which the legislature could have considered to exist. *Bally et al.* v. *Guilford Twp. School Corp. etc., supra; State* v. *Griffin, supra.*

If the population lines are drawn so narrowly that the legislative classification appears clearly ridiculous and arbitrary (i.e., a spread between 4540 and 4545 people), the courts have properly held the legislative action to be unwarranted. *School City of Rushville* v. *Hayes* (1904), 162 Ind. 193, 70 N. E. 134; *Caesar* v. *DeVault* (1957), 236 Ind. 487, 141 N. E. 2d 338.

We recognize that to a large extent what has been said results in a rule based upon degree which is somewhat uncertain and vague. Yet under the circumstances, as in so many instances, there is no other alternative in the application of the law. The classification by population in a similar instance has been recently determined contrary to the appellee's position by the decision in *Bailey* v. *Evansville-Vanderburgh A. A. Dist.* (1960), 240 Ind. 401, 166 N. E. 2d 520. The question there presented was raised by an attack upon the constitutionality of the airport authority act as a local and special law. The application of the airport authority act was limited to counties having a population of not less than 150,000 nor more than 180,000 in which there existed a city having a population of more than 128,000 according to the last preceding U. S. census. In the levee act before us the population classification of the county is fixed at not less than 160,000 nor more than 180,000. The cases are parallel in the particular mentioned. To be consistent we must hold the act is not violative of the constitutional provisions against special and local legislation.

However, the appellee contends that in the levee act under consideration no classification or limitation is placed upon the city within the county so limited, while in the airport authority act the size of the city was specifically limited to one not less than 128,000 in such a county. On the other hand, the appellant says such omission results in less of a limitation in the present act than in the airport authority act.

There is a rational relationship between airport legislation and the size of the city to which it is made applicable. Smaller cities or towns would have no great need for such facilities. On the other hand, in the case of flood control and levee building, the needs have no

relationship whatever to the size of the town or city, as in the case of airport facilities.

We said in *Book* v. *Board of Flood Control Comrs. etc., et al.* (1959), 239 Ind. 160, 156 N. E. 2d 87:

> "The method of distributing and levying the assessments for the local improvement, so long as there is any reasonable basis for the action, is entirely within the discretion of the legislature. The control of floods, the prevention of property damage, and the elimination of such hazards are matters of general public concern within limited districts. The operation of light, heat, gas, water and other public utilities may be affected by floods and their operation thereby endangered, as well as the work of governmental agencies, such as the police and fire departments. Proper flood control, the legislature may determine, is a matter of general public concern within an area, the costs of which shall be borne uniformly by all property owners on an ad valorem basis. (Citing cases)."

We point out further that reasons for permitting co-operative efforts at flood control between towns and cities and the counties in which located, are quite apparent without going into detail. We have held frequently that the legislature has authority to create agencies to carry out such functions, since metropolitan areas in many instances are outgrowing the geographical limits of the original municipality. *Becker et al.* v. *Albion-Jefferson School Corp. et al.* (1956), 235 Ind. 204, 132 N. E. 2d 269; *Martin* v. *Ben Davis Conservancy Dist.* (1958), 238 Ind. 502, 153 N. E. 2d 125; *Book* v. *Board of Flood Control Commissioners, supra; Bailey* v. *Evansville-Vanderburgh Airport Auth. Dist. supra.*

Keeping in mind the general principle that courts will not interfere with legislative classification so long

as there is any reason therefor, we conclude there could be logical reasons for omitting the size classification of a city in levee and flood control legislation. Having reached such a conclusion we have no right to go beyond that point to inquire into the wisdom or advisability of such classification, or lack of classification.

It is urged that the legislation under consideration would give any small town or city within the county so classified the right to initiate and create a flood control district, regardless of its size. As a result such town is given privileges that other towns or cities of the same size are not given in the State of Indiana. Our answer to that is that like all classification by population, there are necessarily some small elements of arbitrariness connected therewith which sometimes make apparent inequities. Yet as we said before, a line must be drawn someplace and in drawing it there is a certain element of arbitrary classification which, from the nature of the matter, cannot be totally eliminated. We feel that the point raised is one of those rather insignificant inequities that may be found in practically any classification which may be used ·for legislative purposes. The lack of perfection should not weigh so heavily as to break down the general features of the classification used.

The judgment of the trial court is reversed, with directions to restate its finding and judgment, in conformity with the tenor of this opinion.

Jackson, C. J., and Bobbitt and Landis, JJ., concur.

Achor, J., dissents with opinion.

## DISSENTING OPINION

ACHOR, J.—As stated in the majority opinion, the legislation under §27-1602, Burns' 1948 Repl. (1959 Supp.) [being Acts 1959, ch. 289, §2, p. 719], purports to give to any *city* within the State of Indiana the right to initiate and create a levy authority district; provided, that such city is located within a *county* having a population of not less than 160,000 and no more than 180,000.

By reason of this limitation within the act, other *cities* of the same size and having the same problem of flood control are not given the same privilege if located in *counties* not within the restricted population classification. In my opinion such a classification of the *cities* affected is arbitrary, unreasonable and unnatural and not based on any real or substantial difference as related to the purpose of legislation. Therefore, in my opinion this provision of the Acts is in violation of the constitutional requirement of Art. 4, §§22 and 23 of the Constitution of Indiana, which provides that laws shall not be special or local in nature, and shall be general and uniform in operation.

In the case of *Caesar* v. *DeVault, Twp. Trustee, et al.* (1957), 236 Ind. 487, 492, 141 N. E. 2d 338, this court stated the pertinent rule of law as follows:

" 'Under the Constitution of this State, cities and towns may be classified upon the basis of differences in population, and laws applicable to a single class may be regarded as general in their character, and not local or special. *But the classification must be natural and reasonable and not arbitrary. It must be founded upon real and substantial differences in the local situation and necessities of the class of cities and towns to which it applies.* Where such a classification excludes from its operation cities and towns differing in no material particular from those included in a class, the statute can not be upheld. . . .' " (Our emphasis.) *School*

*City of Rushville* v. *Hayes* (1904), 162 Ind. 193, 200, 70 N. E. 134, 137.

See also: *Railroad Com., etc.* v. *Grand Trunk, etc. R. Co.* (1913), 179 Ind. 255, 100 N. E. 852; *Perry Civil Twp.* v. *Indianapolis Power & Light Co.* (1943), 222 Ind. 84, 51 N. E. 2d 371.

NOTE.—Reported in 168 N. E. 2d 208.