HECKLER *v.* CONTER ET AL.

[No. 26,383.   Filed December 15, 1933.   Rehearing denied March 27, 1934.]

*L. L. Bomberger* and *Bomberger, Peters & Morthland,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Edward Barce, Joseph W. Hutchinson,* and *George E. Hershman,* Assistant Attorneys-General.

FANSLER, J.—Appellant brought this action seeking a judgment declaring Chapter 31 of the Acts of 1933 unconstitutional. A demurrer to the complaint was sustained, and, upon refusal to plead further, there was a judgment against appellant, from which this appeal is prosecuted.

The only error assigned is upon the ruling on the

demurrer, and the only questions presented involve the constitutionality of the act.

The statute provides that in all second and fourth class cities (Hammond, Gary, Whiting, and East Chicago) located in a county having a population of not less than two hundred fifty thousand nor more than four hundred thousand (Lake), the office of city treasurer is abolished and all of "the rights, powers and duties of such city treasurer" are conferred upon and shall be performed by the county treasurer; and that an office for the collection and disbursement of taxes and assessments in each city shall be furnished by the city, and the county treasurer shall assume and perform all of "the rights, powers and duties of the city treasurer"; that the county treasurer shall appoint a deputy "to collect, disburse and distribute the taxes and assessments in each such city and such assistants as shall be necessary"; that one of the deputies shall receive a salary not exceeding twenty-four hundred dollars, and three a salary not exceeding forty-two hundred dollars, per annum.

Appellant challenges the law as being local and special, and that it, therefore, offends Section 23 of Article 4 of the Constitution, and that it affects county business, and offends against Section 22 of Article 4; that it deprives the people of the four affected cities of the right of local self-government, and that it violates Section 6 of Article 6 of the Constitution, which requires all town (and city) officers to reside within their respective municipalities, and that obviously the county treasurer cannot reside within all four of the cities.

Section 22 of Article 4 of the Constitution of Indiana provides that the General Assembly shall not pass local or special laws upon any of the seventeen subjects enumerated therein.

Section 23 provides that "in all cases enumerated in

the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the state."

The statute in question does not regulate county business and is not within the subjects covered by Section 22.

It is contended by appellees that the question as to whether a general law can be made applicable in a given case is for the legislature, and that the legislative determination of that question is not subject to review by this court. They rely upon the case of *Gentile* v. *State* (1868), 29 Ind. 409, and authorities which follow that opinion. But we cannot approve of the reasoning in those cases. In the Gentile Case it is conceded that the object of Section 23 was "not to confer any power on the legislature, but to restrain that body in the exercise of an inherent power of sovereignty, which, in the absence of such a restriction, it would possess." But if the legislature may arbitrarily decide that a general law cannot be made applicable, and its decision is final and cannot be questioned, it is not restrained or restricted in any sense, and the constitutional provision is, if not a nullity, at least a mere admonition. Following the language above quoted, the opinion continues:

"But the restriction is not specific as to the particular cases to which it applies, and hence it requires the exercise of legislative judgment in determining the question of its application in each case as it may arise. It is nevertheless a restriction, binding upon the conscience of every member of the body, the application of which must be judged of and determined as cases are presented, under the oath (which all the members are required to take before entering upon their duties) to support the Constitution of the state, and it cannot be presumed that the members of that body would wilfully disregard either the restriction or their obligations to support it, in the enactment of laws."

The same reasoning would apply to all provisions of the Constitution, limiting the power of the legislature, and could be as readily invoked when the subject of the legislation comes within one of the seventeen enumerated cases under Section 22. To illustrate: One of the cases concerning which the legislature may not pass local or special laws under Section 22 is "regulating county and township business." The members of the General Assembly are bound by oath and conscience not to disregard this restriction, and, yet, this court has always said, and it is said in the Gentile Case, that if the legislation is local or special and affects county business, as this court interprets that term, it will be held unconstitutional, notwithstanding the legislature, bound by conscience and under oath, passed the measure and may have believed that it did not concern county business in the sense in which that term was used in Section 22.

In construing such legislation, the rule that every reasonable presumption must be indulged in favor of its constitutionality will apply, and if any state of facts can be reasonably conceived upon which it can be held constitutional, such state of facts will be deemed to exist. But if it is clear that a general law can be made applicable, a special or local law cannot be upheld. The mistaken judgment or conscientious weakness of the legislature cannot overcome the restraint and limitations upon its powers intended by the section and recognized by this court in the case of *Gentile* v. *State*.

We see no reason why the limitation of power under Section 22 should be binding in fact and enforced by this court, while the limitation under Section 23 should be binding only in conscience, and thus a limitation only if the legislature so wills it.

It must be presumed that the members of the legis-

lature act conscientiously under their oath in the enacting of every law. If laws are held unconstitutional by this court, it is because the legislature and this court differ in their opinions as to what is lawful. It is inevitable that there should be differences of opinion as to the constitutionality of enacted legislation, but it was intended by the framers of the Constitution that the decision of this court should determine the law and the limits of legislative power, and not the decision of the legislature.

If the law is local or special, and it is clear that a general law can be made applicable, it cannot stand.

It is apparent that there was an effort to make the statute general by classification. It is well settled that the legislature may classify cities upon the basis of population for the purpose of applying methods of governmental organization, and that if the classification is such that the operation of the law will be the same in all parts of the state, under the same circumstances, the law will be considered general. But in such cases the classification must not be capricious or arbitrary, but must be just and reasonable, and based upon substantial distinctions germane to the subject matter and the object to be attained. The distinctions must involve something more than mere characteristics which will serve to divide or identify the class. There must be inherent differences in situation related to the subject matter of the legislation which require, necessitate or make expedient different or exclusive legislation with respect to the members of the class. The classification must embrace all who possess the attributes or characteristics which are the basis of the classification, and their difference from those excluded must be substantial and related to the purpose of the legislation. The legislature may not arbitrarily group certain cities of the same class, separate them from other cities of

the class, and enact rules for their government different from those applying to like cities, in the absence of inherent differences in situation or characteristics in respect to the subject matter of the rule of government dealt with. *School City of Rushville* v. *Hayes* (1903), 162 Ind.193, 70 N. E. 134; *Bullock* v. *Robison, Treasurer* (1911), 176 Ind. 198, 93 N. E. 998; *Fountain Park Company* v. *Hensler* (1926), 199 Ind. 95, 155 N. E. 465.

The law in question isolates three second class cities and one fourth class city. No reason is suggested or apparent why their situation is such that the county treasurer in the county in which they are located should collect their taxes and maintain a branch office within their confines, that does not apply to every second or fourth class city in the state. If this enactment can be upheld as constitutional, we can see no objection to a statute which selects any given city of any given class for isolation, finding the distinction and basis for the classification in the population of the county in which it is situated, and providing governmental methods for that particular city different from those of any other city in the state, when the situation, necessities, requirements, and governmental problems of the city are identical with those of all other cities of its class. By such classification methods, the legislature might arbitrarily bring about the abolishment of any office, and, hence, the removal of any officer within any city of the state, without affecting the corresponding office or officer in any other city. This is one of the evils that Sections 22 and 23 of Article 4 of the Constitution sought to guard against by limiting the legislative power. The classification cannot stand the test. The law is clearly local and special. There is no difficulty in conceiving of a general law that would accomplish the same end in the cities affected by this law, and in all other cities in like situation. The fact

that they are located in a county with a population of not less than two hundred fifty thousand nor more than four hundred thousand cannot possibly account for any difference in situation in respect to the need of a city treasurer or the propriety of the county treasurer acting as such.

Appellees point to the case of *Wayne Township* v. *Brown* (1933), 205 Ind. 437, 186 N. E. 841, as sustaining their position that the law in question here is a general law, but there is a very obvious difference in the two statutes. The statute in the Wayne Township Case provides that, with the approval of the county commissioners, the advisory board of any township located in any county in which there is a city of the second class, or in any county having a population of not less than 53,500 nor more than 58,000, or in any township in which there is located a city of the third class, not being a county seat, and having a population of more than 30,000, may establish and operate a township commissariat. The purpose of this legislation was to provide a method of handling poor relief. It is entirely conceivable that in counties where there are large cities, townships in which a city may be located, or which are adjacent thereto, may contain large concentrated groups that require poor relief, and that a special method of administering this relief, different than that adapted to the needs of townships located in less populous or in more populous counties, may be advantageous. The location of townships in relation to populous centers may substantially affect the manner in which poor relief can be most advantageously administered, and, hence, we cannot say that the method of classification bears no relation to the purpose of the act. But we are unable to see how the fact that a city of the second class or fourth class happens to be located in a county with a population between two hundred fifty

thousand and four hundred thousand can possibly affect the necessity or expediency of its maintaining a city treasurer.

We conclude that the act is unconstitutional because in conflict with the provisions of Section 23 of Article 4 of the Constitution, and, in view of this conclusion, it is unnecessary to consider the other questions presented.

The judgment is reversed, with instructions to the trial court to overrule the demurrer, and for further proceedings not inconsistent with this opinion.