STATE ELECTION BOARD ET AL. *v.* MARTIN BEHNKE, JOSEPH J. FORSZT AND STANLEY OLSZEWSKI.

[No. 1273S252. Filed February 19, 1974.]

*Theodore L. Sendak,* Attorney General, *David H. Kreider,* Assistant Attorney General, for appellants.

*Joseph L. Skozen,* of Hammond, *Arch N. Bobbitt,* of Indianapolis, for appellees.

HUNTER, J.—This is an appeal from the trial court's action in permanently enjoining the enforcement of House Enrolled Act No. 1673, which is Acts 1973, P. L. 160,* on the grounds that said Act violates Art. 4, §§ 22 and 23 of the Constitution of Indiana. This Court entertains jurisdiction pursuant to the Rules of Appellate Procedure, AP. 4(A)(8). We affirm.

The Act in issue provides for a method of selecting county commissioners in counties having a population of between 500,000 and 650,000 as determined by the last federal decennial census. The Act expires, by its own terms, on January 1, 1978—two years prior to the next federal decennial census. Thus, the operation of the Act is restricted to such counties as had the requisite population according to the 1970 census. Lake County is the *only* Indiana county having the required population to qualify under the Act, and there is no possibility of any other county qualifying under the Act as the Act expires prior to the 1980 decennial census. Therefore, the Act can only apply to the election of Lake County Commissioners in 1974 and 1976 and could never be made applicable to counties other than Lake County.

The trial court found that House Enrolled Act No. 1673 is not a general law which "could operate uniformly throughout the State as required by Article 4, Section 23 of the Constitution of Indiana . . ." It, therefore, declared the Act null and void.

House Enrolled Act No. 1673 reads in pertinent part as follows:

"Be it enacted by the General Assembly of the State of Indiana:
"SECTION 1. IC 1971, 17-1 is amended by adding a new chapter to be numbered 15.5 and to read as follows:

---

* As a point of information, House Enrolled Act No. 1673, Acts 1973, P.L. 160, was repealed effective as of the 14th day of February, 1974, by Senate Enrolled Act No. 124 of the 1974 Session of the Indiana General Assembly.

"Chapter 15.5. Organization, Terms of Office and Districts, County Commissioners in Counties of Five Hundred Thousand to Six Hundred Fifty Thousand Population; Commission on County Redistricting.

"Sec. 1. The provisions of this chapter shall apply to all counties with a population of not fewer than five hundred thousand (500,000) nor more than six hundred fifty thousand (650,000), according to the last preceding federal decennial census.

"Sec. 2. In all counties included within the purview of this chapter, beginning with the year 1974 and in all subsequent years, the county shall be governed by three (3) county commissioners elected from three (3) single-member districts. Each district shall contain substantially equal population. For purposes of redistricting, population figures to be used shall be those of the 1970 federal decennial census. A commissioner shall be a qualified voter and a resident of the county and of the district from which he is elected for at least one (1) year prior to his election.

\* \* \*

"SECTION 2. The provisions of this act shall expire on January 1, 1978.

"SECTION 3. Whereas an emergency exists for the immediate taking effect of this act, the same shall be in full force and effect on and after its passage."

A determination that the Act in question does not operate uniformly throughout the state renders it a special law and thus violative of our Constitution. *Dortch* v. *Lugar* (1971), 255 Ind. 545, 266 N. E. 2d 25. Article 4, Section 22 of the Indiana Constitution provides that the "General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say:

"\* \* \*

"[10.] Regulating county and township business;

"[11.] Regulating the election of county and township officers and their compensation . . . "

Further, Section 23 provides that "where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

The object of Section 23 was "not to confer any power on the legislature, but to restrain the body in the exercise of an inherent power of sovereignty, which, in the absence of such a restriction, it would possess." *Gentile* v. *State* (1868), 29 Ind. 409, 413; *Heckler* v. *Conter et al.* (1933), 206 Ind. 376, 187 N. E. 878. The legislature may constitutionally classify on the basis of population for the purpose of governmental organization, but the classification so based must result in uniform operation of the law in all parts of the State in order to qualify as a general law. *Evansville-Vanderburgh Levee Authority District et al.* v. *Kamp etc.* (1960), 240 Ind. 659, 168 N. E. 2d 208; *Dortch* v. *Lugar, supra; Heckler* v. *Conter et al., supra.* A law which appears to be general in form, but upon investigation of the subject matter is found to be local or special in substance, will be declared a special law by this Court. *Graves, et al.* v. *City of Muncie, et al.* (1970), 255 Ind. 360, 363, 264 N. E. 2d 607.

The constitutional infirmity in the Act in question is *not* that it classifies on the basis of population, *but is that no county other than Lake can ever qualify under its own provisions.* It is clearly a special law which cannot pass constitutional muster. Accordingly, the trial court was correct in declaring it null and void.

The appellant contends that even if portions of the Act are to be held unconstitutional, those portions are severable from the Act as a whole and, therefore, the remaining portions should be enforced. We do not agree. The provisions are so closely related and interdependent that the presumption arises that the legislature intended the provisions of the Act to work as a whole. Therefore, the whole Act fails. *Ettinger et al.* v. *Studevent et al.* (1942), 219 Ind. 406, 38 N. E. 2d 1000.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan, and Prentice, JJ., concur.

NOTE.—Reported in 307 N. E. 2d 56.