NORTH TOWNSHIP ADVISORY BOARD; Nick Angel, member of the North Township Advisory Board; Stella Bainbridge, member of the North Township Advisory Board; and Bruno Kozlowski, member of the North Township Advisory Board, Appellants (Defendants Below),

Linley E. Pearson, Attorney General, Appellant,

v.

Horace MAMALA, North Township Trustee, Appellee (Plaintiff Below).

No. 1085S410.

Supreme Court of Indiana.

March 27, 1986.

Rehearing Denied May 22, 1986.

Linley E. Pearson, Atty. Gen., Margarett L. Knight, Deputy Atty. Gen., Indianapolis, for appellants.

Richard P. Komyatte, Komyatte & Freeland, P.C., Highland, for appellee.

GIVAN, Chief Justice.

This appeal is before this Court pursuant to Ind.R.App.P. 4(A)(8). Judge Pinkerton entered judgment and a final order which provided in part:

"1. IT IS HEREBY ORDERED AND ADJUDGED that I.C. 36–10–7–5 is declared invalid and unconstitutional in that it violates the proscriptions contained in § 22(10) and § 23 of Article 4 of the Constitution of Indiana."

The trial court issued a permanent restraining order enjoining the Advisory Board from exercising power or undertaking any action pursuant to the statute.

Ind.Code § 36–10–7–5 outlines the procedures for the acquisition of land and the improvement and the operation of parks located in each township having a population of not less than one hundred eighty thousand (180,000) nor more than two hundred four thousand (204,000) that is located in a county having more than two second class cities. In 1980, Federal Census figures reveal North Township of Lake County fits within the population parameters of the statute. Both parties agree, under the 1980 census data, that North Township is the only township currently governed by the statute.

The legislative parentage of the statute is found in Acts 1927, ch. 4, p. 10. At all times since 1927, North Township has been governed by separate statutes regulating the operation of township parks. Other townships have been included in the statutes governing North Township, most notably Calumet Township of Lake County. Amendments to the statute in 1975 and 1982 changed the population parameters resulting in exclusion of Calumet Township from the application of the statute. *See* Ind.Code 17–4–40–1 (Burns 1974), Acts 1975, P.L. 169, §§ 3–5 and Acts 1982, P.L. 1, § 69.

Public Law 355–1985, § 1 amended Ind. Code § 36–10–7–5. The purpose of the amendment, *inter alia*, was to provide a greater role for the Advisory Board in the operation of the parks covered by the statute. This control was formerly exercised by the township trustee. The amendment also required the trustee to appoint, subject to the approval of the Advisory Board, a professional park superintendent. Other Indiana statutes permit the appointment of professional park managers; however, Ind. Code § 36–10–7–5 is the only statute mandating an appointment of this nature. *See* Ind.Code § 36–10–3–13.

The trial court based its holding on the language of art. 4 of the Indiana Constitution. Section 22(10) of that article provides, "The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say: (10) regulating county and township business;...." Section 23 further provides, "In all cases enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general and of uniform operation throughout the state."

An act of the legislature must be afforded a presumption of constitutionality. The challenger of the statute bears the burden to rebut that presumption and all reasonable doubts must be resolved in favor of the statute's constitutionality. *Ruge v. Kovach* (1984), Ind., 467 N.E.2d 673. When the challenge is to a statutory classification, the petitioner must demonstrate that the classification is arbitrary or capricious or does not bear a reasonable relationship to the legislative objective. *Board of Commissioners of the County of Allen v. Jones* (1983), Ind.App., 457 N.E.2d 580.

The fact only one governmental unit presently qualifies under a particular statute and the statute was apparently drafted with that one unit in mind does not render the statute unconstitutional if the terms of the statute would permit other units to eventually qualify. *State Election Board v. Bartolomei* (1982), Ind., 434 N.E.2d 74; *Dortch v. Lugar* (1971), 255 Ind. 545, 266 N.E.2d 25. We have also held a statute may not contain a time expiration provision which would effectively operate to preclude other governmental units from qualifying under the statute. *State Election Board v. Behnke* (1974), 261 Ind. 540, 307 N.E.2d 56.

The statute in the case at bar does not contain any provision which would either preclude other townships from eventually qualifying under the statute or would prevent North Township from falling outside the parameters of the statute. We find the statute to be of a general nature and not a special law.

■ A second level of inquiry is required when a statutory classification is established based on population. In such situation, population must bear some rational relationship to the subject matter. Further, the classification must be based on justifiable distinctions when considered within the context of the legislative goals. *Dortch, supra.* The trustee in the case at bar cites *Heckler v. Conter* (1933), 206 Ind. 376, 187 N.E. 878.

It would appear the legislation in controversy will regulate the operation of Wicker Memorial Park. Wicker is in fact a substantially developed park in the second most populous township of this state. Wicker Park consists of over 225 acres of land in a highly urban area. The park contains golf, tennis and swimming facilities. In addition there are numerous buildings including a restaurant, social center, pavilion and maintenance facilities. However, the language of the statute does not limit its application to only Wicker Park. Rather, the statute does apply to all park facilities in North Township and any other township which might eventually qualify under the statute.

The trustee, arguing in support of the trial court's conclusion, contends the statute's classifications are not germane to the subject matter of park regulations. He calls attention to the fact the other two townships (Center in Marion County and Calumet in Lake County) with similar populations are not governed by the statute. Under the 1980 census figures, the population of Center Township in Marion County exceeds the upper boundary of the statutory requirement by less than five thousand citizens and Calumet Township in Lake County is less than four thousand below the lower boundary. The trustee argues that if a rational relationship does exist between population and a requirement for the appointment of a professional park superintendent, then a professional superintendent should also have been required in both Center and Calumet Townships. He contends failure to have a requirement of that nature results in the creation of a special law in violation of the Indiana Constitution art. 4, § 22.

The Attorney General maintains it is rational to require the assistance of a professional superintendent to conduct the operation of any substantially developed park of the nature of Wicker. He contends the record does not reveal that either Center or Calumet Townships have parks of the nature of Wicker, thus they would not be affected at this time if included in the population parameters. Lastly, he asserts the legislature has promulgated a series of statutes which, based on population and the classification of cities, regulate park operations in the townships of the State. *See* Ind.Code § 36–10–3–1 *et seq.* and Ind.Code § 36–10–7–1 *et seq.*

A statute of this nature will not be set aside if any set of facts can be conceived to justify it. *McGowan v. Maryland* (1961), 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393.

Under the facts of this case, the presumption of constitutionality of the statute should not be overridden by the judiciary. *See, Ruge, supra.*

The trial court is reversed.

PIVARNIK, SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice—dissenting.

Whenever a claim is filed in court seeking a judgment upon the issue of whether a statute is constitutional, the threshold duties fall upon the court to first determine its own jurisdiction and second to a require the claiming party to show standing. *Board of Com'rs v. Kokomo City Plan Com'n* (1975), 263 Ind. 282, 330 N.E.2d 92. These are matters of judicial necessity, and must be addressed irrespective of the failure of parties to do so. In my view, this plaintiff office holder has no standing, either individually or as a representative of the residents and voters of the township, to challenge the imposition of the duty to appoint professional park superintendents, upon the office of trustee, by the legisla-

ture, on pure constitutional grounds. Id. I would therefore order the trial court to expunge its judgment and dismiss the case, and in the process express no opinion of this court upon the merits of the constitutional question.