**J & J VENDING, INC., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–9309–TA–00076.

Tax Court of Indiana.

Nov. 26, 1996.

---

Stephen H. Paul and Janet Madden Charles, Baker & Daniels, Indianapolis, for Petitioner.

Pamela Carter, Attorney General of Indiana and Joel Schiff, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

J & J Vending, Inc. ("J & J") appeals the final determination of the Indiana Department of State Revenue denying its claim for a refund of Gross Retail Tax (sales tax) paid to the Department.

### ISSUES

I. Whether items sold through vending machines are subject to Indiana's Gross Retail Tax.

II. Whether the Gross Retail Tax, as applied to vending machine operators, violates the Equal Privileges or Immunities clause of the Indiana Constitution or the Equal Protection clause of the federal Constitution.

### FACTS AND PROCEDURAL HISTORY

J & J Vending is an Indiana corporation in the business of selling food through vending machines. This food includes single-serving, prepackaged items, such as milk, juice, fruit, potato chips, pastries, and cookies. J & J stocks its machines with these food items and then deploys them on the property of other entities and businesses. J & J does not sell food on or near its own property. J & J employees visit the machines to empty the cash boxes, restock the food, and service the machines. They are not present to make sales. Consequently, sales tax is not collected separately from the purchase price of the food. Instead, J & J charges a composite price for each item of food sold and pays the sales tax from its gross receipts.

J & J paid sales tax to the Department for the years 1990, 1991, 1992, and the six month period ending on June 30, 1993. Sometime after June 30, 1993, J & J concluded that the food it sold (except candy and confections) was tax exempt under IND.CODE ANN. § 6–2.5–5–20(b) (West 1989). Subsequently, J & J filed a refund claim with the Department seeking $73,447.38, the amount of sales tax paid from January 1, 1990 through June 30, 1993.

The Department denied J & J's refund for the years 1990, 1991 and 1992 on August 4, 1993. On August 16, 1993, the Department denied J & J's claim for the six month period ending June 30, 1993. J & J now appeals those determinations.

### STANDARD OF REVIEW

■ This Court reviews the Department's final determinations *de novo* and is bound neither by the evidence nor the issues raised at the administrative level. *Mechanics Laundry & Supply, Inc. v. Indiana Dep't of State Revenue,* 650 N.E.2d 1223, 1227 (Ind. Tax Ct.1995).

### DISCUSSION AND ANALYSIS

### I. EXEMPTION

■ "An excise tax, known as the state gross retail tax, is imposed on retail transactions made in Indiana." IND.CODE ANN. § 6–2.5–2–1(a) (West 1989). The purchaser is liable for the tax, and the retail merchant is responsible for collecting the tax "as agent for the state." IND.CODE ANN. § 6–2.5–2–1(b) (West 1989). However, exemptions are allowed for the sale of certain types of food. INDIANA CODE ANN. § 6–2.5–5–20 (West Supp.1996) exempts sales of food for human consumption from the tax. "Food for human consumption" includes:

(1) Cereals and cereal products;

(2) Milk and milk products, including ice cream;

(3) Meat and meat products;

(4) Fish and fish products;

(5) Eggs and egg products;

(6) Vegetables and vegetable products;

(7) Fruit and fruit products, including fruit juices;

(8) Sugar, sugar substitutes, and sugar products;

(9) Coffee and coffee substitutes;

(10) Tea, cocoa, and cocoa products;

(11) Spices, condiments, extracts, and salt;

(12) Oleomargarine; and

(13) Natural spring water.

IND.CODE ANN. § 6–2.5–5–20(b). The term "food for human consumption" does not include certain food items and transactions, which remain subject to taxation. Included are:

(1) Candy, confectionery, and chewing gum;

(2) Alcoholic beverages;

(3) Cocktail mixes;

(4) Soft drinks, sodas, and other similar beverages;

(5) Medicines, tonics, vitamins, and other dietary supplements;

(6) Water (except natural spring water), mineral water, carbonated water, and ice;

(7) Pet food;

(8) Food furnished, prepared, or served for consumption at a location, or on equipment, provided by the retail merchant;

(9) Meals served by a retail merchant off the merchant's premises;

(10) Food sold by a retail merchant who ordinarily bags, wraps, or packages the food for immediate consumption on or near the merchant's premises, including food sold on a "take out" or "to go" basis; and

(11) *Food sold through a vending machine* or by a street vendor.

IND.CODE ANN. § 6–2.5–5–20(c) (emphasis added).[1]

J & J does not dispute that as a retail merchant, it must collect sales tax on its sales. IND.CODE ANN. §§ 6–2.5–2–1, 6–2.5–4–1 (West 1989). J & J claims that it is entitled to the exemption available to other merchants for sales of "food for human consumption" under the provisions of IND.CODE ANN. § 6–2.5–5–20(b). The Department argues that this assertion cannot stand because IND.CODE ANN. § 6–2.5–5–20(c) specifically excludes food sold through vending machines from the exemption. The Department asserts that they properly applied the imposition and exemption statutes as written.

 When an enactment, including a tax exemption statute, is clear and unambiguous, the plain language governs. *Faris Mailing, Inc. v. Indiana Dep't of State Revenue*, 557 N.E.2d 713, 716 (Ind. Tax Ct.1990). If there is some ambiguity, however, then this Court must look to the rules of statutory construction to ascertain the legislature's intent. *Id.* In the case of a tax exemption statute, any ambiguity is construed against the taxpayer because an exemption releases the individual from bearing his or her share of the cost of government and disturbs the equality and distribution of the common burden of government upon all. *St. Mary's Medical Ctr. of*

*Evansville, Inc. v. State Bd. of Tax Comm'rs*, 534 N.E.2d 277, 280 (Ind. Tax Ct.1989); *see also Indiana Waste Sys. of Indiana v. Indiana Dep't of State Revenue*, 633 N.E.2d 359, 365 (Ind. Tax Ct.1994). For this reason too, the taxpayer bears the burden of proving his or her right to an exemption. *Caylor–Nickel Clinic, P.C. v. Indiana Dep't of State Revenue*, 569 N.E.2d 765, 767 (Ind. Tax Ct.1991), *aff'd*, 587 N.E.2d 1311, 1313 (Ind. 1992).

In this instance, the plain language of the statute shows that vending machine sales are not exempt from the Gross Retail Tax. Under IND.CODE ANN. § 6–2.5–5–20(c)(11), "food sold through a vending machine" is specifically excluded from the definition of "food for human consumption." As such, J & J's sales simply miss the mark for the tax exemption provided by IND.CODE ANN. § 6–2.5–5–20(a) & (b).

## II. CONSTITUTIONALITY

 The petitioner has other arrows in its quiver: the Equal Privileges or Immunities clause of the Indiana Constitution and the Equal Protection clause of the federal Constitution. J & J argues that the exclusion of vending machines from the exemption is unconstitutional because it arbitrarily distinguishes between similarly situated merchants selling identical products. Specifically, J & J contends that the tax is not levied on the sale of single-serving, prepackaged food items, like peanut butter crackers, potato chips, and pastries, when sold by convenience and grocery stores but that the tax is assessed to identical sales when made through a vending machine. J & J contends that because this distinction is arbitrary and irrational, it violates both the Indiana and federal Constitutions.[2]

---

1. The legislature added vending machines to the list of items and transactions to be excluded from the "food for human consumption" exemption in 1973. State Gross Retail and Use Tax Act of 1973, Pub.L. No. 47, § 3(20)(xi & xii), 1973 Ind. Acts 98. Vending machines were a distinct and separate class until 1980 when the legislature, viewing the vending machine as the apotheosis of the street vendor, combined them under the same subsection.

2. J & J also argues for the equal treatment of vending machines and honor boxes. In *Beasley v. Kwatnez*, the Court of Appeals made distinctions between vending machines and honor boxes based on the differing nature of their transactions—namely the mechanical, automatic nature of vending machines. 445 N.E.2d 1028, 1031 (Ind.Ct.App.1983). The decision there did not concern any constitutional issues and is not instructive here.

We begin with J & J's claim under the Indiana Constitution. Article 1, Section 23 states: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." IND.CONST. art. 1, § 23. This provision requires a two-step analysis to determine the constitutionality of a statute granting unequal privileges or immunities. *Collins v. Day*, 644 N.E.2d 72, 78–80 (Ind. 1994). First, the disparate treatment "must be reasonably related to inherent characteristics which distinguish the unequally treated classes." *Id.* at 80. Second, those similarly situated must be given the same preferential treatment—uniformly and equally. *Id.* Statutes generally enjoy a strong presumption of validity, and courts must give "substantial deference to legislative discretion." *Id.* Moreover, the Indiana Supreme Court has said that this deference is especially appropriate when reviewing the classifications of a sales tax statute. *Taxpayers Lobby of Indiana, Inc. v. Orr*, 262 Ind. 92, 98, 311 N.E.2d 814, 817 (1974).

Applying this deferential standard, this Court must first determine whether the exclusion of vending machine sales from the exemption is reasonably related to their distinctive characteristics. The challenged classification must "involve something more than mere characteristics." *Collins*, 644 N.E.2d at 78 (quoting *Heckler v. Conter*, 206 Ind. 376, 381, 187 N.E. 878, 879 (1933)). Legislative distinctions must rest on "inherent differences in situation related to the subject-matter of the legislation which require, necessitate, or make expedient different or exclusive legislation with respect to the members of the class." *Id.* In conducting this analysis, this Court may consider any "conceivable basis," *id.* at 80 (quoting *Johnson v. St. Vincent Hosp.*, 273 Ind. 374, 404–05, 404 N.E.2d 585, 604 (1980)), and "any state of facts within the far range of probability" that supports the classification, *id.* (quoting *Sperry & Hutchinson Co. v. State*, 188 Ind. 173, 183, 122 N.E. 584, 587 (1919)).

As we have seen, the exemption statute involves three classifications. First, the statute specifically exempts thirteen types of food, such as fruits and vegetables. IND. CODE ANN. § 6–2.5–5–20(b). Second, it excludes from the exemption seven types of food, such as soft drinks and candy. IND. CODE ANN. § 6–2.5–5–20(c)(1)–(7). Third, it excludes four types of food sales, including "food sold on a 'take out' or 'to go' basis" or "through a vending machine." IND.CODE ANN. § 6–2.5–5–20(c)(8)–(11).

The Indiana Supreme Court discussed these classifications in *Taxpayers Lobby of Indiana, Inc. v. Orr*, 262 Ind. 92, 311 N.E.2d 814 (1974). In that case, the Court upheld the exemption against a challenge that the statute irrationally and arbitrarily exempted only select foods from the sales tax. The Supreme Court explained that the rationale for exempting certain food items, while expressly excluding other items and particular types of sales, was to ease the burden on the poor in purchasing basic "food necessities and staples" or "groceries" and to alleviate the regressivity of the sales tax. *Id.* at 99–100, 311 N.E.2d at 817–18. The Court noted particularly that the exclusion of certain transactions was not surprising because "[t]he sales tax law has always contained exemptions based not only on the identity of the tangible personal property sold ... but also on the nature of the transaction." *Id.* at 100–01, 311 N.E.2d. at 818. Consequently, "provisions of the food exemption causing taxability to depend on the identity of an item, e.g., candy, or upon the nature of the transaction, e.g., restaurant meals, are not different in kind from other exemptions in sales tax law." *Id.* In sum, the Court found the exemption scheme "entirely understandable and reasonable." *Id.*

Against this background, this Court perceives a legitimate reason for excluding vending machine sales from the exemption. The legislature wanted to accomplish the reasonable goal of aiding the less fortunate among us without foregoing the substantial tax revenues associated with the sale of meals and snacks to the community at large. To this end, the General Assembly decided to exempt only staple items purchased while grocery shopping, which tends to involve the purchase of a variety of foods to be prepared at home and consumed as part of meals over

an extended period of time. This approach would better target the less well-off because they are less likely to spend their limited resources dining out or on single-portion purchases, and so, are more likely to do grocery-style shopping on a regular basis. Thus, taxing single-serving portions does not add to the regressivity of the sales tax, and exempting such items would unnecessarily decrease the revenue obtained from such a tax. Since vending machine sales commonly involve isolated purchases of single-serving, prepackaged items, most often for immediate consumption, the legislature excluded them from the exemption.

Turning now to the second step of Indiana's equal privileges analysis, this Court must ensure that the preferred classification is employed consistently. J & J argues that the exemption is unconstitutional as applied because the sale of single-serving, prepackaged items by convenience and grocery stores are often ·not subject to tax. This contention ignores the fact that vending machines are in a class separate from convenience and grocery stores. Within their respective classes, both groups are being treated consistently. Thus, even assuming that the Department treated single-serving sales differently depending upon the context of the transaction that would not violate the Equal Privileges or Immunities clause of Article 1, Section 23.[3]

J & J's claim fares no better under the United States Constitution. The Equal Protection clause states that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend XIV, § 1. This provision "does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn,* 505 U.S. 1, 10, 112 S.Ct. 2326, 2331, 120 L.Ed.2d 1 (1992); *see also Hammond v. Auburn Univ.,* 669 F.Supp. 1555, 1563 (M.D.Ala.1987), *aff'd,* 858 F.2d 744 (11th Cir.1988), *cert. denied,* 489 U.S. 1017, 109 S.Ct. 1134, 103 L.Ed.2d 195 (1989). As the foregoing discussion shows, J & J is not "in all relevant respects" like convenience and grocery stores. The separate classification and treatment of vending machine sales is rationally related to legitimate policies supporting the exemption statute. In the absence of evidence that J & J has been treated differently from other vending machine operators, this Court finds no violation of J & J's federal equal protection guarantees.

### CONCLUSION

The Court holds that J & J Vending was properly denied a sales tax refund. It is not entitled to the food for human consumption exemption as it is specifically excluded under IND.CODE ANN. § 6–2.5–5–20(c)(11). Further, IND.CODE ANN. § 6–2.5–5–20(c)(11) does not violate either the Equal Privileges or Immunities clause of the Indiana Constitution or the Equal Protection clause of the federal Constitution. Accordingly, the Department's final determination is AFFIRMED.

---

**3.** In point of fact, however, the Department's stated policy is to tax even staple food items sold in convenience and grocery stores "if they are sold in small quantities and, therefore, are prepared for immediate consumption." IND.ADMIN.CODE tit. 45, § 2.2–5–39 (1992). While the evidence at trial showed that the Department has had some difficulty implementing the regulation, tr. 91–92, the inability of the Department to catch each nonstaple food sale in every circumstance neither invalidates the General Assembly's broader pronouncement nor the Department's

general enforcement policy. *See UACC Midwest, Inc. v. Indiana Dep't of State Revenue,* 667 N.E.2d 232, 239 (Ind. Tax Ct.1996) (upholding Gross Income Tax against constitutional challenge despite Department's "misapplication" of law). The Indiana Supreme Court's reminder that "[e]xact exclusion and inclusion is impractical in legislation," *Cincinnati, H. & D. Ry. v. McCullom,* 183 Ind. 556, 561, 109 N.E. 206, 208 (1915), *aff'd per curiam,* 245 U.S. 632, 38 S.Ct. 64, 62 L.Ed. 521 (1917), is even more true at the enforcement level.