**Jeffrey O. BUTRUM, Appellant–Respondent,**

v.

**Kathy L. ROMAN, Appellee–Petitioner.**

**No. 84A04–0308–JV–389.**

Court of Appeals of Indiana.

April 8, 2004.

John A. Kesler II, Kesler & Kesler, Terre Haute, IN, Attorney for Appellant.

## OPINION

VAIDIK, Judge.

On February 24, 2004, this Court issued an opinion in *Butrum v. Roman*, 803 N.E.2d 1139 (Ind.Ct.App.2004), in which we affirmed the trial court's ruling that the parties' eighteen-year-old daughter, H.B., was not emancipated. Thereafter, the attorney for Appellant Jeffrey O. Butrum, John A. Kesler II, filed a petition for rehearing with this Court. For the reasons stated below, we deny rehearing and strike the brief pursuant to Indiana Appellate Rule 42.

A rehearing petition "shall state concisely the reasons the party believes rehearing is necessary." Ind. Appellate Rule 54(E). Instead of following this mandate, Kesler,

who submitted the petition for rehearing in his own name, wrote the brief as a first person narrative from the perspective of H.B. The brief begins, "Hello, my name is [H.B.]" Appellant's Reh'g Br. p. 2. This type of narrative continues throughout the brief and includes what purports to be H.B.'s recitation of the facts and argument on how we reached the wrong conclusion.[1]

We find the petition for rehearing to be inappropriate for two reasons. First, the brief neither cites authority nor makes legal argument. Second, Kesler represents Jeffrey. H.B. is not a party in this case. In fact, in the trial court, Jeffrey's interests were adverse to those of H.B. There is no indication that H.B. has now authorized Kesler to speak for her. Thus, it appears that Kesler is trying to do one of two things, both of which are unacceptable. Either he is trying to introduce additional evidence on rehearing by way of H.B.—which he is prohibited from doing at this stage—or he is using H.B. as a mouthpiece to voice his criticisms about our opinion. Although lawyers "are completely free to criticize the decisions of judges," *In re Wilkins,* 782 N.E.2d 985, 986 (Ind.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 63, 157 L.Ed.2d 27 (2003), we find it inappropriate to hide behind a client's child to do so. Accordingly, we strike the petition for rehearing under Appellate Rule 42 as inappropriate.

Rehearing denied.

SHARPNACK, J., and MATHIAS, J., concur.

---

1. For example, the brief states:

Apparently the question on Appeal boils down to whether or not I was supporting myself. Obviously I was. For the Court to have concluded any other way was clearly erroneous. It is inconceivable for anyone to conclude that a full-time employee at the bank working as a teller does not earn enough money to support themselves. No reasonable person could draw such a conclusion. . . . Clearly the law, if that is in fact the law, doesn't make any sense.

Appellant's Reh'g Br. p. 4, 6.